**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

DERRICK L. NICHOLSON,

     Plaintiff,

     v.

VANESSA J. BURKHEAD, et al.,

     Defendants.

CIVIL ACTION NO.: 4:26-cv-32

**O R D E R**

The Magistrate Judge screened Plaintiff's Complaint as required by 28 U.S.C. § 1915(e) and recommended that it be dismissed for failure to state a claim, since each of Plaintiff's claims is fatally defective. (Doc. 9, pp. 2—7.) After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 9), to which plaintiff filed objections, (doc. 10). For the reasons that follow, Plaintiff's Objections are **OVERRULED**, (doc. 10), and the Court **ADOPTS** the Report and Recommendation as its opinion, (doc. 9.).

The Magistrate Judge correctly observed that Plaintiff's Count I, for violation of his Fifth Amendment Due Process rights under 42 U.S.C. § 1983, was facially meritless since he expressly alleged that Defendant Vanessa Burkhead was "acting under color of *federal* law," and § 1983 does not apply to federal actors acting under color of federal law. (Doc. 9, p. 4 (quoting doc. 1, p. 5).) Plaintiff concedes § 1983's inapplicability but argues that he has stated a claim under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 10, p. 2.) The Report and Recommendation considered Plaintiff's claim as potentially arising under

Bivens and determined that it was still "facially meritless." (Doc. 9, pp. 4—5.) Plaintiff, without citing to any authority, argues that his claim "involves a classic due process deprivation . . . denial of a fair investigation and adjudication of his whistleblower complaint . . . which falls within recognized *Bivens* territory." (Doc. 10, p. 2; see also id., at p. 3 ("This deprivation without due process states a cognizable *Bivens* claim . . . .").

Unlike Section 1983, which is a congressionally authorized remedy for constitutional violations committed under color of state law, the authority to recognize an action under Bivens against federal actors is anchored in the inherent power of federal courts to decide all cases "arising under the Constitution, laws, or treaties of the United States." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66–67 (2001) (quoting 28 U.S.C. § 1331). Bivens is far more limited in scope than Section 1983, authorizing recovery in only certain types of cases. See Ziglar v. Abbasi, 582 U.S. 120, 135(2017). The Supreme Court has only inferred three causes of action under Bivens, and since 1980 "the Supreme Court has over and over again 'refused to extend Bivens to any new context or new category of defendants.'" Johnson v. Terry, 119 F.4th 840, 847 (11th Cir. 2024) (quoting Ziglar, 582 U.S. at 135). None of the three recognized Bivens claims involves a due process violation for an alleged unfair investigation. Id. (discussing a Bivens claim for violation of the Fourth Amendment, for sex discrimination in violation of the Fifth Amendment, and for violation of the Eighth Amendment). Plaintiff is wrong that his due process claim falls within these recognized Bivens claims. Therefore, the Magistrate Judge was correct in observing that his claim, under any potential theory, is meritless.

The Magistrate Judge also found that Plaintiff's claim under the Administrative Procedures Act was meritless, since "Courts have specifically recognized that the Secretary of Labor's decision not to institute an enforcement action under the anti-retaliation provisions of the

2

Occupational Health and Safety Act, 29 U.S.C. § 660(c), are not reviewable . . . ." (Doc. 9, p. 6 (citing Wood v. Herman, 104 F. Supp. 2d 43 (D.D.C. 2000).   Although Plaintiff argues the Agency's action in his case *is* reviewable, he cites no authority to rebut the Magistrate Judge's conclusion that courts have held otherwise.   (Doc. 10, pp. 3—4.)   He also does not respond to the Magistrate Judge's conclusion that the statute at issue affords no private right of action.   (Compare doc. 9, pp. 6—7 with doc. 10, pp. 3—4.)

Finally, Plaintiff reasserts his equitable tolling argument, which the Magistrate Judge considered and found not only meritless, but moot.   (Doc. 9, p. 7.)   Because the Magistrate Judge correctly determined that each of Plaintiff's claims was meritless, notwithstanding their likely untimeliness, the motion for equitable tolling was appropriately denied as moot.   Plaintiff also disputes the Magistrate Judge's determination that "the multiple manifest defects" in his claims precluded any chance for him to meaningfully amend his claims.   (Doc. 9, p. 7; doc. 10, p. 5.) However, Plaintiff's objection further demonstrates that his claims all fail as a matter of law, and that further opportunity for amendment would be futile.   (See generally doc. 10.)

Or the foregoing reasons, Plaintiff's objections are **OVERRULED**, (doc. 10), the Report and Recommendation is **ADOPTED**, (doc. 9), and Plaintiff's Complaint is **DISMISSED**, (doc. 1).   Plaintiff's motions are all **DISMISSED AS MOOT**.   (Docs. 11 & 16.)   The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 5th day of August, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3